UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR V. THOMPSON, #219215,

        Plaintiff,

v.                                                      CASE NO. 2:21-CV-11044
                                                     HONORABLE MARK A. GOLDSMITH

MICHAEL BROWN, et al.,

        Defendants.
_____/

**<u>ORDER OF TRANSFER</u>**

      This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Arthur V. Thompson ("Plaintiff"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, raises claims concerning the prison's procedures for handling prison transfers during the Covid-19 pandemic, screening prisoners for illness, and treating infected prisoners, as well as his potential exposure to Covid-19.[1] He names Kinross Warden Michael Brown, Michigan Department of Corrections Director Heidi Washington, and two unnamed Kinross nurses (Jane Does) as the

---

[1] Plaintiff seeks to bring this action on behalf of himself and several other similarly-situated prisoners whom he identifies as "interested parties." None of those other prisoners, however, have signed the complaint. The Federal Rules of Civil Procedure require that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Moreover, a prisoner cannot sign a pleading on behalf of another prisoner in a federal legal proceeding. *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on fellow prisoner's behalf). Additionally, Plaintiff, who is not an attorney, cannot represent other prisoners in federal court. A pro se prisoner is inadequate to represent the interests of fellow prisoners in a class action. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). Consequently, the prisoners identified by Plaintiff as "interested parties" shall not be considered to be plaintiffs in this case at this time.

defendants in this action. He sues the defendants in their official capacities and seeks monetary damages.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox Co., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also*

*Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

The named defendants reside in Kincheloe, Chippewa County, Michigan and Lansing, Ingham County, Michigan and the events giving rise to the complaint occurred in those counties. Both of those counties are located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court. The Western District is also a more convenient forum for this action.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a), the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint.

s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2021